## THE IOWA DISTRICT COURT IN AND FOR JASPER COUNTY

KRYSTAL MARIE EGLAND AND
ANDREW EGLAND,

Plaintiffs,

vs.

CHRYSLER LLC, DAIMLERCHRYSLER
COMPANY LLC.

Defendants.

Case No. LACV115504

### ORIGINAL NOTICE

TO THE ABOVE-NAMED DEFENDANTS: Chrysler LLC, Daimler Chrysler Company LLC

You are notified that a petition has been filed in the office of the clerk of this court, naming you as the defendant in this action. A copy of the petition is attached to this notice. The attorney for the plaintiff(s) is Steven J. Crowley, whose address is P.O. Box 945, Burlington, Iowa 52601. That attorney's phone number is (319) 753-1330; facsimile number: (319) 752-3934.

You must serve a motion or answer within 20 days after service of this original notice upon you, and within a reasonable time thereafter, file your motion or answer with the Clerk of Court for Jasper County, at the county courthouse in Newton, Iowa. If you do not, judgment by default may be rendered against you for the relief demanded in the petition.

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at (5151) 286-3394. (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2943).

DATE: 2/4/2009

CLERK OF COURT
Jasper County Courthouse
Newton, Iowa 50208

(SEAL)

### IMPORTANT
YOU ARE ADVISED TO SEEK LEGAL ADVICE AT ONCE TO PROTECT YOUR INTERESTS.

EXHIBIT A

RETURN OF SERVICE

STATE OF IOWA        )
                     ) ss.
COUNTY OF _____    )

      I hereby certify and make return that I received the attached Original Notice, together with a Petition at Law on the ____ day of _____, 2009; that on the _____ day of _____, 2009, I served the same on _____, at _____, Iowa, by delivering a true copy thereof:

___ I served the same by delivering a copy thereof to the above person personally.

___ I served the same on the above person at the above person's dwelling house or usual place of abode (which place was not a rooming house, hotel, club, or apartment building) by there delivering a copy thereof to an individual person residing therein, or a member of the family, or manager, clerk, proprietor, or custodian named and described below, a person who was then at least eighteen years old.

___ I served the above company, corporation, etc., by delivering a copy to the person named and described below. Said service was made at the address shown below, if any, otherwise at the above address.

_____
NAME AND TITLE OR RELATIONSHIP OF INDIVIDUAL SERVED
(IF NOT SHOWN ABOVE)

Fee: _____
Mileage: _____
Total: _____

BY: _____

Subscribed and sworn to before me this ___ day of _____, 2009.

_____
Notary Public in and for the State of Iowa

## IN THE IOWA DISTRICT COURT IN AND FOR JASPER COUNTY

| | |
|---|---|
| KRYSTAL MARIE EGLAND AND ANDREW EGLAND,<br><br>　　　　　　　　Plaintiffs,<br><br>vs.<br><br>CHRYSLER LLC, DAIMLERCHRYSLER COMPANY LLC.<br><br>　　　　　　　　Defendants. | Case No. LACV115506<br><br>PETITION AT LAW<br><br>(Jury Trial Requested) |

COMES NOW the plaintiffs by and through their attorney, Steven J. Crowley of the law firm of Crowley and Bunger, 320 North 3rd Street, Suite 600, Burlington, Iowa 52601 for their complaint against the Defendant state:

1) At all times material to this case, the plaintiffs have resided in the City of Monroe, Jasper County, Iowa. The plaintiffs are husband and wife and were married before February 27, 2008.

2) Prior to February 27, 2008, the plaintiffs purchased a 2000 Dodge Durango motor vehicle (VIN number 1V4HS28N7YF141629) from Moss Motors Inc. in Des Moines, Iowa.

3) The 2000 Dodge Durango purchased by the plaintiffs was designed, tested, manufactured, marketed and placed into the stream of commerce by Daimler Chrysler Company LLC. Thereafter, Daimler Chrysler Company LLC changed its name to Chrysler LLC. Chrysler LLC is the successor of interest of Daimler Chrysler Company LLC.

1

4) On or about February 27, 2008, Plaintiff, Krystal Marie Egland was six months pregnant with the plaintiffs' second child. The fetus was healthy and viable before the motor vehicle collision described herein.

5) On or about February 27th, 2008, plaintiff, Krystal Marie Egland was operating the plaintiffs' 2000 Dodge Durango northbound on Highway 14 near the intersection of Highway 14 and Runner Avenue in Jasper County, Iowa. At that time and place, the weather was inclement, with ice and/or snow on the roadway. Krystal M. Egland was alone in her vehicle and driving at a speed well below the posted limit due to the weather, and the condition of the roadway. Without warning, plaintiff's vehicle suddenly went out of control and slid into the oncoming (southbound) lane of Highway 14, where she was struck by a southbound 2001 Pontiac Sunfire automobile driven by Erin Christine North.

6) At the time of the collision described above, Krystal Marie Egland was wearing her driver's position 3-point seatbelt which had been designed, tested and installed by the defendants. During the collision, Krystal Egland's seatbelt (at the driver position) failed when the attachment at the D-ring on the vehicles B-pillar broke or simply came out of the mounting slide during the collision. The failure of the D-ring mounting introduced excessive slack into the seatbelt as the plaintiff was experiencing the collision, causing Krystal M. Egland to be thrown about inside the vehicle and partially ejected, as if she had been unrestrained.

7) The failure of the defendants' occupant restraint was a proximate cause of physical injuries and damages to the plaintiffs, including, but not limited to the loss of their unborn but viable child.

### Count I.
### Negligence/Negligent Design/Post-Sale Failure to Warn

8) A proximate cause of the injuries and damages suffered by the plaintiffs was the negligence of the defendant including, but not limited to the following acts of negligence:

   a) Designing a driver seatbelt with a B-pillar mounting system that they knew or should have known would fail in an offset head-on collision such as occurred here.

   b) In using an occupant restraint without a positive and secure mounting system in the B-pillar D-ring attachment point, designed to maintain restraint effectiveness during offset head-on collisions.

   c) In failing to properly test the seatbelt(s) installed in the plaintiff's vehicle

   d) Defendant knew or should have known that 2000 Dodge Durango, as manufactured and sold into the stream of commerce, posed a substantial risk of harms to persons such as the plaintiff.

   e) Defendant could have identified those to whom a warning should have been provided and that plaintiffs were persons who would not detect or appreciate the risk of harm of the seatbelt/occupant restraint failing in certain accidents

   f) The post sale warning could have been effectively communicated to all owners of 2000 Dodge Durango owners, such as plaintiffs.

   g) The risk of harm (seatbelt failure during a crash) was serious enough to justify the burden of providing the warning.

### Count II.
### Lack of Crashworthiness-Enhanced Injuries

1-8) Plaintiffs hereby re-plead and restate paragraphs 1 through 8 inclusive of Count I of this petition and incorporate the same as if set forth herein.

9) The plaintiffs' Dodge Durango, and its restraint systems were designed, tested, marketed and sold or distributed by the defendant, and at all times material to this

case, the defendant was engaged in the business of designing, testing, selling and marketing motor vehicles such as the plaintiffs' vehicle.

10) The plaintiffs' Dodge Durango, particularly the driver's seatbelt system, was in a defective condition when it left defendant's control because:

    a) The seatbelts were designed and installed in such a way as to allow failure of key components during foreseeable collisions, compromising the seatbelts ability to restrain and protect the occupants from serious injury during the crash.

    b) The attachment mechanism for the D-ring at the B pillar was connected in such a way as to release/fail in a foreseeable offset head-on collision.

11) The plaintiffs used the Dodge Durango in an intended manner or in a manner reasonably foreseeable by the defendants.

12) The Dodge Durango was expected to and did reach the plaintiffs without substantial change in its condition.

13) An alternative, safer, practical design(s) was available to the defendant when they designed and built the 2000 Dodge Durango.

14) The defective condition of the 2000 Dodge Durango was a proximate cause of enhanced injuries to the plaintiff, Krystal Marie Egland. If the defendant had employed a safer alternative design(s), the plaintiff would have remained restrained throughout the collision and would likely have suffered no severe injuries.

15) The failure of the occupant restraint/protection of the plaintiffs' Dodge Durango was a proximate cause of enhanced injuries to Krystal Marie Egland, including, but not limited to fractures and the loss of her unborn, but viable child.

4

16) As a direct and proximate result of the negligence complained of in Count I. and the defect(s) complained of in Count II, the plaintiffs have been damaged, including but not limited to the following damages:

    a) The plaintiffs have incurred doctor, hospital, prescription and other medical related expenses in the past and may incur more of the same in the future.

    b) Krystal Marie Egland endured pain, suffering and lost partial function of her body in the past and will endure more of the same in the future.

    c) Krystal Marie Egland lost her six month old viable child.

    d) Krystal Marie Egland has endured mental and emotional pain and suffering as a result of her loss of her child in the past and will continue to suffer in the future.

    e) Andrew Egland has lost part of the services, consortium and support of a normal healthy spouse due to the injuries to his wife.

    f) Andrew Egland and Krystal Egland have lost the consortium, love, companionship and services of their child who died.

    g) Krystal Marie Egland lost income in the past and has, in all likelihood suffered a partial loss of her earning capacity in the future.

### Jury Trial Requested

17) Plaintiffs request a trial by jury as to all issues of fact in this matter triable to a jury.

WHEREFORE, plaintiffs ask the Court for separate judgments against the defendant, jointly and severally in amounts that will fully, fairly and reasonably compensate them for the damages and losses they have and will sustain, for interest and the costs of this action, as provided by law, and for such other relief as the court deems appropriate in the circumstances.

Respectfully submitted,

_____
Steven J. Crowley     AT0001845
Darwin Bünger         AT0001297
**CROWLEY & BÜNGER**
320 North Third Street, Suite 600
P.O. Box 945
Burlington, IA 52601
(319) 753-1330; (319) 752-3934 – fax
SCrowley@CrowleyandBunger.com
DBunger@CrowleyandBunger.com

**ATTORNEYS FOR PLAINTIFF**